UNITED STATES, Appellee,

v.

Larry WALLACE, Jr., Private First
Class, U.S. Army, Appellant.

No. 97–0604.
Crim.App. No. 9500234.

U.S. Court of Appeals for
the Armed Forces.

Argued May 12, 1998.

Decided Sept. 30, 1998.

For Appellant: *Captain Patricia A. Lewis* (argued); *Colonel John T. Phelps II, Lieutenant Colonel Michael L. Walters,* and *Major Leslie A. Nepper* (on brief); *Captain John M. Head.*

For Appellee: *Captain Chris A. Wendelbo* (argued); *Colonel Joseph E. Ross* and *Lieutenant Colonel Frederic L. Borch III* (on brief); *Captain John H. Bergen.*

*Opinion of the Court*

COX, Chief Judge:

Appellant was convicted of various assaults on a child under 16 years of age, and child abuse under the Colorado child abuse statutes. *See* Colo.Rev.Stat. § 18–6–401.[1]

Appellant was originally sentenced to a dishonorable discharge, 15 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals reassessed his sentence, however, and reduced confinement to 14 years 9

---

1. Appellant was tried by a military judge sitting alone as a general court-martial convened at Fort Carson Colorado. He was convicted of four specifications of assault on a child under the age of 16, three specifications of aggravated assault on a child under 16, and one specification of child abuse assimilated from the Colorado Re-

vised Statutes. The assault Charges were violations of Article 128, and the child abuse Charge was a violation of Article 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934. All of the assaults arose out of various types of physical abuse taken against his girlfriend's son.

months, after that court found that the military judge failed to announce findings for one of the Charges, creating an ambiguity in the sentencing portion of the proceedings.

Appellant asks us to set aside his conviction for a pattern of child abuse, as charged under the assimilated Colorado Revised Statutes and asks us to authorize a rehearing on sentence for two reasons. First he claims that the Colorado statute was preempted by Congress's codification of assault on a child under the age of 16. Art. 128 UCMJ 10 USC § 928. Second he asks us to find this conviction multiplicious with his other convictions for assaults that established the pattern of abuse for which he was convicted under the Colorado statute.[2]

We agree with appellant's first contention and grant the necessary relief.[3]

■ First appellant cannot stand convicted of violating both the Colorado child abuse statute and the assault statute in the UCMJ. As this Court stated in *United States v. Irvin*, 21 MJ 184 (CMA 1986), "the Assimilative Crimes Act is intended to fill gaps that would otherwise exist in Federal criminal law rather than to allow a redefining of crimes prescribed by Congress." *Id.* at 187–88, citing *United States v. Wright*, 5 MJ 106 (CMA 1978); *United States v. Butler*, 541 F.2d 730 (8th Cir.1976). In *Irvin*, we specifically stated that the Colorado child abuse statute covers conduct outside the

scope of Article 128 and that this conduct could only be charged as an assimilated offense if the conduct could not be charged under any other provision of the UCMJ. 21 MJ at 189.

■ From this record it is apparent that appellant was being charged for the same conduct in each charge i.e. assaulting his girlfriend's 5–year–old son on various occasions. Although the Government initially conceded error it now argues that the Colorado child abuse statute also encompasses appellant's failure to seek medical treatment for the child.[4] While "lack of proper medical care" could have been potentially charged under this statute, the Government did not do so in this case.

During a pretrial motions session, trial counsel attempted to argue this very point. The military judge however ruled that this conduct was not properly alleged in the Charge as drafted. The Government took no corrective action to redraft re-prefer or re-refer this Charge prior to trial. Therefore the act of failing to seek medical treatment for the child was excluded from the assimilated offense as both drafted and presented to the members. Because this Charge only alleged the assaults—the same assaults charged under the Article 128 specifications—the child abuse Charge is preempted. *See Irvin*, 21 MJ at 188–89.[5]

2. On October 29, 1997, we granted the following issues for review:

I.
WHETHER THE MILITARY JUDGE AND THE ARMY COURT OF CRIMINAL APPEALS ERRED BY FAILING TO DISMISS SPECIFICATION 1 CHARGE II A VIOLATION OF TITLE 18, ARTICLE 6, SECTION 401, COLORADO REVISED STATUTES, WHEN THE COURT OF MILITARY APPEALS HAD PREVIOUSLY AND SPECIFICALLY HELD THAT PARTICULAR STATUTE WAS PREEMPTED BY CONGRESS.
II.
WHETHER THE MILITARY JUDGE ERRED WHEN HE RULED, OVER DEFENSE OBJECTION, THAT SPECIFICATION 1, CHARGE II (PATTERN OF ABUSE) WAS NOT MULTIPLICIOUS WITH THE ASSAULTS WHICH ESTABLISHED THE PATTERN OF ABUSE (SPECIFICATIONS 1–4 OF CHARGE I, AND ADDITIONAL CHARGE I.)

3. Initially the Government conceded error by stating, "The government concurs with appellate defense counsel that Issue Presented I is meritorious under *United States v. Irwin [sic]*, 21 MJ 184 (CMA 1986), and that specification 1 of Charge II should be dismissed."

4. The pertinent part of that statute is:

A person commits child abuse if such person causes an injury to a child's life or health ... or engages in a continued pattern of conduct which results in malnourishment, **lack of proper medical care** cruel punishment, mistreatment or an accumulation of injuries which ultimately results in the death of a child or serious bodily injury to a child.
Colo.Rev.Stat. § 18–6–401(1)(emphasis added).

5. This holding renders Issue II moot. We cannot tell in any event exactly how the military judge treated the Colorado child abuse specification. His ruling seemed to indicate that he treated it as

The decision of the United States Army Court of Criminal Appeals as to specification 1 of Charge II and the sentence is reversed. The findings of guilty thereon are set aside. That specification and Charge are dismissed. The decision as to the remaining findings of guilty is affirmed. The record of trial is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals which may reassess the sentence based on the remaining findings of guilty or order a rehearing on sentence.

Judges SULLIVAN, CRAWFORD, GIERKE, and EFFRON concur.

partially but not completely multiplicious for sentencing with the assault specifications. He stated:

It would appear to the court therefore that the offenses are separately punishable although in determining an appropriate sentence in this case, the court will consider the assaultive nature of the crimes to the extent that it does overlap with the child abuse statute prohibitions.